**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| MARK SCHUSTER,<br><br>Plaintiff,<br>vs.<br><br>PARK PLACE AT CENTLIVRE OWNERS ASSOCIATION, INC., PARK PLACE MANAGEMENT COMPANY, DWYER PROPERTY MANAGEMENT, PARK PLACE BOARD OF DIRECTORS, and BRENT DWYER,<br><br>Defendants. | ) | CASE NO. 1:25-CV-0015 |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

1. This case arises under the Fair Housing Act, 42 U.S.C. § 3601 et seq.

2. Mark Schuster ("Schuster") alleges the Defendants failed to provide him with reasonable accommodations and retaliated against him in violation of Sections 804(B), 805, 806, and 818 of the Fair Housing Act. (Compl. ¶ 14.)

3. Specifically, Schuster alleges the Defendants failed to provide him with reasonable accommodations and retaliated against him by refusing to agree to the installation of an automatic door opener on the exterior door closest to his unit in the condominium building and by failing to provide him with a reserved handicapped parking space closest to the entry of his condominium building. (Id. ¶¶ 9-12.)

4. The Defendants did not violate the Fair Housing Act by failing to provide Schuster with reasonable accommodations or by retaliating against him.

5. On or about September 8, 2023, Schuster, the Defendants, and the United States Department of Housing and Urban Development entered into a Conciliation Agreement. (M. Schuster Dep., Ex. G.)

6. As part of the Conciliation Agreement, Schuster released all claims relating to the subject matter of his Housing Discrimination Complaint and Amended Housing Discrimination Compliant, which included claims relating to the installation of an automatic door opener on the exterior door closest to his unit in the condominium building. (M. Schuster Dep., Exs. C, F, and G.)

7. The designated evidence does not support the claim that Park Place refused Schuster's request relating to his assigned parking space. Park Place attempted to accommodate Schuster's request, but instead of accepting the accommodation, Schuster rejected the accommodation and refused to work with Park Place on his request.

8. For these and the other reasons described in the accompanying Brief, Park Place is entitled to summary judgment.

Respectfully submitted,

By: */s/ Brian C. Heck*

Brian C. Heck, 22389-02
Beckman Lawson, LLP
201 West Wayne Street
Fort Wayne, IN 46802
Telephone: (260) 422-0800

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on the 14th day of January, 2026, the undersigned filed the foregoing Defendants' Designation of Evidence and Statement of Facts in Support of Motion for Summary Judgment on the Court's CM/ECF system and served the same on the following by first class United States mail, postage prepaid to:

Mark J. Schuster
2927 Westbrook Drive, B-211
Fort Wayne, Indiana 46805

*<u>/s/ Brian C. Heck</u>*
Brian C. Heck